UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC and JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff(s), <br><br> -against- <br><br> MAINSPRING DISTRIBUTION LLC and RIA PHILIP, <br><br> Defendant(s). <br><br> RIA PHILIP, <br><br> Third-Party Plaintiff. <br><br> -against- <br><br> EDVIN OVASAPYAN and VAHE OVASAPYAN, <br><br> Third-Party Defendants. | THIRD-PARTY COMPLAINT <br><br> Docket No. 19-cv-02087 <br><br> JURY TRIAL REQUESTED |

Defendant/Third-Party Plaintiff RIA PHILIP (hereinafter "Philip" or "DTPP"), by her attorneys, VARGHESE & ASSOCIATES, P.C. and the LAW OFFICES OF JONATHAN M. COOPER., as and for her Third-Party Complaint, herein alleges as follows:

## THE PARTIES

1. Upon information and belief, that plaintiff Paymentech, LLC ("Paymentech") is a limited liability corporation registered to do business in the State of Delaware with its principal place of business in Texas.

2. Upon information and belief, that plaintiff JPMorgan Chase Bank, N.A. ("Chase") is a National Banking Association organized and existing under the laws of the United States, with its main office in Columbus, Ohio.

3. That Philip is a resident of Philadelphia, Pennsylvania.

4. That Philip is a pharmacist.

5. Upon information and belief, that Defendant Mainspring Distribution, LLC ("Mainspring") was, at all pertinent times, a limited liability company duly organized and existing under Pennsylvania law, with its principal place of business located in Broomall, Pennsylvania.

6. Upon information and belief, that Third-Party Defendant Edvin Ovasapyan ("Edvin") is a resident of California, with a last known address in Los Angeles, California.

7. Upon information and belief, that Third-Party Defendant Vahe Ovasapyan ("Vahe") is a resident of Pennsylvania, with a last known address in King of Prussia, Pennsylvania.

## JURISDICTION AND VENUE

8. That Philip's third-party claims herein arise out of and are directly related to claims pending before this Court in the first-party action brought by Paymentech and Chase against Mainspring Distribution LLC and Philip (the "first-party action").

9. That the complaint in the first-party action alleges that both venue and jurisdiction herein are proper pursuant to 28 U.S.C. §§ 1332 and 1391(a).

10. That Philip has consented to this Court's jurisdiction.

## THE FIRST-PARTY ACTION

11. That the complaint in the first-party action alleges, *inter alia*, that defendants are liable to plaintiffs pursuant to the terms of a Merchant Agreement with

2

Mainspring (the "Merchant Agreement") for consumer chargebacks on Mainspring's merchant account for goods that were purportedly charged against the credit account funded by non-party wholesale pharmacy Scripts Wholesale, Inc. ("Scripts"), and maintained by Mainspring for the Scripts' benefit, but that said goods were never sent by Mainspring or received by Scripts.

12. That Counts I and III of the first-party complaint seek recovery against Mainspring under the theories of breach of contract and unjust enrichment.

13. That Count II of the first-party complaint seeks recovery against Philip under a theory of "suit on a guaranty."

## FACTUAL ALLEGATIONS

14. That Philip began her employment with Mainspring on or about January 22, 2015.

15. That third-party defendants terminated Philip's employment with Mainspring, on or about November 12, 2018.

16. That, upon information and belief, Edvin was at least a 90% owner of Mainspring from its inception until on or about August 7, 2018.

17. That, upon information and belief, the remaining 10% shareholder of Mainspring from its inception until on or about August 7, 2018 was its legal counsel, Stephen Silverman.

18. That, upon information and belief, Edvin and Vahe are blood-relatives.

19. That, upon information and belief, Edvin transferred a super-majority of the ownership of Mainspring to Vahe through a transfer document dated on or about July 28, 2018, and an Amended Operating Agreement for Mainspring dated on or about August 4, 2018 (the "AOA"), but which was received on or about August 9, 2018.

20. That the terms of the Amended Operating Agreement for Mainspring, Article 4.1 thereof provided, in pertinent part, as follows:

A. VAHE OVASAPYAN ("OVASAPYAN") will have the exclusive responsibility and control over all "business and financial" function (i.e. bank accounts on which he will be the sole signatory and sole holder of access, OVASAPYAN shall be the sole holder of all other business and sales decisions.)
B. OVASAPYAN will be the "decision maker," with control over issuance additional memberships, distribution of profits to Members, and dissolution of the Company.
C. PHILIP will have no financial involvement and no access to the company's bank accounts. OVASAPYAN has the authority to remove PHILIP as a manager.

21. That, in conjunction with transferring the 33% of Mainspring's shares from Edvin and Silverman to Philip, Mainspring's counsel (and outgoing 10% shareholder) advised Philip, a non-attorney, as follows by email dated August 9, 2018:

> Ria: At your request, I am sending you the LLC Operating Agreement. As I indicated, I have highlighted it to show you those provisions which, in my view, provide you (and Vahe) the protection which you should have as "managers" of an LLC. Just so you know, that in almost all circumstances, Managers (and for that matter even Members) have no liability for the liabilities of a limited liability company.

22. That within 5 days thereafter, Vahe and Mainspring induced Philip into signing the Merchant Agreement on Mainspring's behalf.

23. That, upon information and belief, Edvin pled guilty in the District Court for the District of Puerto Rico to the charge of introduction into the stream of commerce of mis-branded drugs on August 7, 2018 – the same day that Edvin transferred his shares in Mainspring to Vahe and Philip.

24. That Philip did not know, nor could she have known in the exercise of due diligence, about this aforementioned plea deal.

25. That, upon information and belief, Edvin was indicted in the Northern District of California on, *inter alia*, one count of conspiracy to engage in the unlawful wholesale distribution of drugs.

26. That, upon information and belief, Edvin transferred his interest in Mainspring, as reflected by the AOA, because Edvin knew, or had reason to know, that a criminal prosecution against him for conspiracy to engage in the unlawful wholesale distribution of drugs was imminent.

27. That, upon information and belief, Vahe accepted the transfer of Edvin's interest in Mainspring, as reflected by the AOA, because Vahe knew, or had reason to know, that a criminal prosecution against Edvin for conspiracy to engage in the unlawful wholesale distribution of drugs was imminent.

28. That Edvin and/or Vahe knew, or had reason to know, that the aforementioned plea deal and this criminal prosecution would likely have a substantial negative effect on Mainspring's business and potential liabilities.

29. That Edvin and/or Vahe deliberately and knowingly concealed this knowledge from Philip.

30. That Philip did not know, nor could she have known through the exercise of reasonable diligence, about the existence of the plea deal, or that any such criminal prosecution was imminent, or of any potential negative impact on Mainspring's exposure or liabilities.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Fiduciary Duty)

31. Philip repeats, reiterates and re-alleges each and every allegation set forth in the Third-Party Complaint with the same force and effect as if fully set forth herein at length.

32. As third-party defendants' minority shareholder, Philip was third-party defendants' fiduciary.

33. That, as set forth above, Philip relied to her detriment on this fiduciary relationship.

34. Under the circumstances of this fiduciary relationship, third-party defendants' aforementioned acts, and exposing Philip to potential liability that was unforeseeable to Philip was wrongful.

35. As a result of the foregoing, third-party defendants breached their fiduciary duty to the Defendant/Third-Party Plaintiff herein.

36. As a result of Third-Party Defendants' breach of their fiduciary duty, Defendant/Third-Party Plaintiff has been damaged.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Breach of Implied Covenant of Good Faith and Fair Dealing)

37. Philip repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

38. Philip believed, and understood, that Third-Party Defendants would deal honestly and fairly with her in connection with her role, exposure to liability and responsibilities at Mainspring.

39. That this belief was justified and reasonable.

40. As a result of Third-party Defendants' (and Mainspring's) actions and active (and malevolent) concealment of material facts, Philip acted to her own detriment by, *inter alia*, agreeing to execute agreements on Mainspring's behalf.

41. Even worse, Third-Party Defendants however, took advantage of Philip in an effort to divert their liability onto Philip for their own gain, and to Philip's detriment.

42. As a result, Philip has been, and continues to be, damaged.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fraud/Fraudulent Inducement)

43. Philip repeats, reiterates and re-alleges each and every allegation set forth in the Third-Party Complaint with the same force and effect as if fully set forth herein at length.

44. Third-Party Defendants (and Mainspring), as set forth above, made material misrepresentations to, and actively concealed material facts from, Philip concerning her acquisition of shares in Mainspring, its attendant exposure and liabilities, and further inducing her into assuming personal liability for the Merchant Agreement on Mainspring's behalf.

45. Third-Party Defendants made those material misrepresentations (and active concealment of material facts) knowing them to be false and misleading.

46. Third-Party Defendants made those material misrepresentations (and active concealment of material facts) with the intention of inducing Philip's reliance.

47. Philip actually relied on those misrepresentations (and active concealment of material facts) by entering into the AOA and Merchant Agreement.

48. As a result, Philip has been damaged.

WHEREFORE, Answering Defendant Philip demands judgment dismissing the Complaint, for judgment on the Third-Party Complaint, together with the costs, disbursements and attorneys' fees of this action and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 31, 2019

                            Respectfully Submitted,

                            VARGHESE & ASSOCIATES, P.C.

                            /s/
By:   Vinoo P. Varghese

                            -and-

                            LAW OFFICES OF JONATHAN M. COOPER

                            /s/
By:   Jonathan M. Cooper