Andrew A. Smith (AS8630)
KENNEDY BERG LLP
401 Broadway, Suite 1900
New York, New York 10013
Telephone: (212) 899-3400
Facsimile: (212) 899-3401
*Attorneys for Mainspring Distribution LLC and Vahe Ovasapyan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC AND JPMORGAN CHASE BANK, N.A.,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MAINSPRING DISTRIBUTION LLC AND RIA PHILIP,<br><br>*Defendants*. | Civil Action No. 1:19-cv-02087<br><br>**DEFENDANT MAINSPRING DISTRIBUTION LLC'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**Jury Trial Demanded** |

Defendant, Mainspring Distribution LLC ("**Defendant**"), by and through its attorneys Kennedy Berg LLP, hereby answer the Complaint of Plaintiffs Paymentech, LLC and JPMorgan Chase Bank, N.A. (collectively "**Plaintiffs**") as follows:

## THE PARTIES

1. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that Defendant is a limited liability company organized under Pennsylvania law.

4. Denies the allegations in paragraph 4 of the Complaint, except admits that Edvin Ovasapyan is a resident of California.

5. Denies the allegations in paragraph 5 of the Complaint, except admits that Ria Phillips was an officer of Defendant and lacks knowledge or information sufficient to form a belief about Ms. Philip's last known address.

## JURISDICTION AND VENUE

6. Denies the allegations as set forth in paragraph 6 of the Complaint.

7. Denies the allegations as set forth in paragraph 7 of the Complaint.

## THE MAINSPRING BUSINESS

8. Denies the allegations in paragraph 8 of the Complaint, except admits that Defendant was a wholesale distributor.

9. Denies the allegations in paragraph 9 of the Complaint, except admits that Defendant received orders for products.

10. Denies the allegations as set forth in paragraph 10 of the Complaint.

## THE MAINSPRING/CHASE PAYMENTECH MERCHANT AGREEMENT

11. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

14. Denies the allegations contained in paragraph 14 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract speaks fora complete statement of its terms.

15. Denies the allegations contained in paragraph 15 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

16. Denies the allegations contained in paragraph 15 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

17. Denies the allegations contained in paragraph 16 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

18. Denies the allegations contained in paragraph 18 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract speaks for a complete statement of its terms.

19. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint.

## THE CONSUMER CHARGEBACKS

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint and further states that the pending criminal matter involving Edvin Ovsapyan and Hakob Kojoyan, *U.S. v. Ovasapyan et al.*, 3:18-cr-00533, is subject to an Order to Seal signed by Magistrate Judge Thomas S. Hixson on November 1, 2018.

23. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint and states that paragraph 30 contains improper legal conclusions.

31. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint and lacks knowledge sufficient to form a belief about the allegations relating to the Scripts Chargebacks.

33. Denies the allegations contained in paragraph 33 of the Complaint and states that paragraph 33 contains improper legal conclusions.

34. Denies the allegations contained in paragraph 34 of the Complaint and states that paragraph 34 contains improper legal conclusions.

<u>**COUNT I - BREACH OF CONTRACT**</u>
**(Against Mainspring)**

35. Repeats and realleges its responses to the Complaint as set forth in this Answer.

36. Denies the allegations contained in paragraph 36 of the Complaint and states that paragraph 36 contains improper legal conclusions.

37. Denies the allegations contained in paragraph 37 of the Complaint and states that paragraph 37 contains improper legal conclusions.

38. Denies the allegations contained in paragraph 38 of the Complaint and states that paragraph 38 contains improper legal conclusions.

39. Denies the allegations contained in paragraph 39 of the Complaint and states that paragraph 39 contains improper legal conclusions.

## COUNT II - SUIT ON A GUARANTY
### (Against Ria Philip)

40. Repeats and realleges its responses to the Complaint as set forth in this Answer.

41. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint

43. Denies the allegations contained in paragraph 43 of the Complaint and states that paragraph 43 contains improper legal conclusions.

## COUNT III - UNJUST ENRICHMENT
### (Against Mainspring)

44. Repeats and realleges its responses to the Complaint as set forth in this Answer.

45. Denies the allegations contained in paragraph 45 of the Complaint and states that paragraph 45 contains improper legal conclusions.

46. Denies the allegations contained in paragraph 46 of the Complaint and states that paragraph 46 contains improper legal conclusions.

47. Denies the allegations contained in paragraph 47 of the Complaint and states that paragraph 47 contains improper legal conclusions.

48. Denies the allegations contained in paragraph 48 of the Complaint and states that paragraph 48 contains improper legal conclusions.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiff's material breach of contract.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were the result of conduct by Plaintiffs or that of other parties named or not named in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of modification and ratification.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by improper notice of defect.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility of performance.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, failure to join a necessary party.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant expressly reserves the right to assert and rely upon any and all additional defenses that may be relevant or become relevant during the course of this action.

Dated: New York, New York
       July 2, 2019

KENNEDY BERG LLP

By: /s/ Andrew A. Smith
    Andrew A. Smith (AS8630)
401 Broadway, Suite 1900
New York, New York 10013
Telephone: (212) 899-3425
Facsimile: (212) 899-3401
Email: asmith@kennedyberg.com

*Attorneys for Mainspring Distribution LLC*

## CERTIFICATION OF SERVICE

      I, Andrew A. Smith, do hereby certify that on this 2nd day of July 2019, I caused this DEFENDANT MAINSPRING DISTRIBUTION LLC'S ANSWER AND AFFIRMATIVE DEFENSES to be filed with the Clerk of the United States District Court for the Eastern District of New York via the Court's electronic filing system and thereby caused a copy of same to be served by e-mail upon all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

      I am aware that if any statement herein is willfully false, I am subject to punishment. July 2. 2019.

                                                                        /s/ Andrew A. Smith
                                                                       Andrew A. Smith