Andrew A. Smith (AS8630)
KENNEDY BERG LLP
401 Broadway, Suite 1900
New York, New York 10013
Telephone:  (212) 899-3400
Facsimile:  (212) 899-3401
*Attorneys for Mainspring Distribution LLC and Vahe Ovasapyan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC AND JPMORGAN CHASE BANK, N.A.,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MAINSPRING DISTRIBUTION LLC AND RIA PHILIP,<br><br>*Defendants*. | Civil Action No. 1:19-cv-02087<br><br>**THIRD-PARTY DEFENDANT VAHE OVASAPYAN'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**Jury Trial Demanded** |
| RIA PHILIP,<br><br>*Third-Party Plaintiff*,<br><br>-against-<br><br>EDVIN OVASAPYAN AND VAHE OVASAPYAN,<br><br>*Third-Party Defendants*. | |

Cross-Claim Defendant Mainspring Distribution LLC ("**Mainspring**"), by and through their attorneys Kennedy Berg LLP, hereby answers the Third-Party Complaint, to the extent the allegations are directed at Mainspring, and the allegation in the Cross-claim Plaintiff, Ria Philip, as follows:

## THE PARTIES

1. Lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3. Lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4. Lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that Mainspring Distribution LLC ("Mainspring") was a limited liability company duly organized under the laws of Pennsylvania.

6. Lacks knowledge sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the complaint.

## THE FIRST-PARTY ACTION

11. Admits the allegations contained in paragraph 11 of the complaint.

12. Admits the allegations contained in paragraph 12 of the complaint.

13. Admits the allegations contained in paragraph 13 of the complaint.

**FACTUAL ALLEGATIONS**

14. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 17, but admits that Edvin Ovasapyan was an owner of Mainspring.

17. Denies the allegations contained in paragraph 17, but admits that Stephen Silverman was an owner of Mainspring.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Vahe is related to Edvin.

19. Denies the allegations contained in paragraph 19 of the Complaint, except admits that Vahe became a part owner of Mainspring in or about July of 2018.

20. Denies the allegations contained in paragraph 20 of the Complaint and states that to the extent the Third-Party Plaintiff relies on and / or makes reference to the Amended Operating Agreement for Mainspring, the contract speaks for itself.

21. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint.

24. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint.

25. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint to the extent the allegations are directed at Mainsrping and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

29. Denies the allegations contained in paragraph 29 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

30. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

31. Repeats and realleages each and every response to the allegations contained in this Answer.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint and and denies the existence of the alleged fiduciary relationship

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

36. Denies the allegations contained in paragraph 36 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

37. Repeats and realleages each and every response to the allegations contained in this Answer.

38. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint.

39. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants

41. Denies the allegations contained in paragraph 41 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

42. Denies the allegations contained in paragraph 42 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Fraud/Fraudulent Inducement)**

43. Repeats and realleages each and every response to the allegations contained in this Answer.

44. Denies the allegations contained in paragraph 44 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants

45. Denies the allegations contained in paragraph 45 of the Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

46. Denies the allegations contained in paragraph 46 of the Complaint Complaint to the extent the allegations are directed at Mainspring and lacks knowledge or information sufficient to form a belief about the truth of the allegations to the extent they are directed at third-party defendants.

47. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

## ANSWER TO CROSS-CLAIM

61. Denies the allegations contained in paragraph 61 of defendant Ria Philip's Answer and Cross-Claim, dated May 17, 2019.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by breach of contract.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were the result of conduct by Plaintiffs or that of other parties named or not named in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of modification and ratification.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by improper notice of defect.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility of performance.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, failure to join a necessary party.

### RESERVATION OF ADDITIONAL DEFENSES

Mainspring expressly reserves the right to assert and rely upon any and all additional defenses that may be relevant or become relevant during the course of this action.

Dated: New York, New York
       July 12, 2019

KENNEDY BERG LLP

By: /s/ Andrew A. Smith
    Andrew A. Smith (AS8630)
401 Broadway, Suite 1900
New York, New York 10013
Telephone: (212) 899-3425
Facsimile: (212) 899-3401
Email: asmith@kennedyberg.com

*Attorneys for Cross-Claim Defendant Mainspring Distribution LLC*

## CERTIFICATION OF SERVICE

I, Andrew A. Smith, do hereby certify that on this 12th day of July 2019, I caused this CROSS-CLAIM DEFENDANT, MAINSPRING DISTRIBUTION LLC'S ANSWER AND AFFIRMATIVE DEFENSES to be filed with the Clerk of the United States District Court for the Eastern District of New York via the Court's electronic filing system and thereby caused a copy of same to be served by e-mail upon all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

I am aware that if any statement herein is willfully false, I am subject to punishment. July 12, 2019.

                                                                                /s/ Andrew A. Smith
                                                                                Andrew A. Smith