Jason Canales
CANALES PLLC
7 Penn Plaza, Suite 914
New York, New York 10001
Telephone:  (212) 988-2039
Email: jason@canalespllc.com
*Attorneys for Edvin Ovasapyan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC AND JPMORGAN CHASE BANK, N.A.,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MAINSPRING DISTRIBUTION LLC AND RIA PHILIP,<br><br>*Defendants*. | Civil Action No. 1:19-cv-02087<br><br>**EDVIN OVASAPYAN'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT** |
| RIA PHILIP,<br><br>*Third-Party Plaintiff*,<br><br>-against-<br><br>EDVIN OVASAPYAN AND VAHE OVASAPYAN,<br><br>*Third-Party Defendants*. | |

Defendant, Edvin Ovasapyan, by and through his attorneys, Canales PLLC, hereby answers the Third- Party Complaint of the Third-Party Plaintiff, Ria Philip, as follows:

## THE PARTIES

1.  Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Admits the allegations contained in paragraph 5 of the Third-Party Complaint.

6. Admits the allegations contained in paragraph 6 of the Third-Party Complaint.

7. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

## JURISDICTION AND VENUE

8. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

## THE FIRST PARTY ACTION

11. Denies the allegations contained in paragraph 11 of the Third-Party Complaint and respectfully refers the Court to the first party complaint for its contents.

12. Denies the allegations contained in paragraph 12 of the Third-Party Complaint and respectfully refers the Court to the first party complaint for its contents.

13. Denies the allegations contained in paragraph 13 of the Third-Party Complaint and respectfully refers the Court to the first party complaint for its contents.

**FACTUAL ALLEGATIONS**

14. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Third-Party Complaint.

15. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Admits that Edvin had, at some point, an ownership interest in Mainspring but otherwise denies the allegations as stated in paragraph 16 of the Third-Party Complaint.

17. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Third-Party Complaint.

18. Denies the allegations contained in paragraph 18 of the Third-Party Complaint, except admits that Vahe is related to Edvin.

19. Denies the allegations contained in paragraph 19 of the Third- Party Complaint, except admits that, at some point, Vahe became a part owner of Mainspring.

20. Denies the allegations contained in paragraph 20 of the Third-Party Complaint and states that to the extent the Third-Party Plaintiff relies on and/or refers to the Amended Operating Agreement for Mainspring, the contract speaks for itself.

21. Lacks knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

22. Denies the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Denies the allegations contained in paragraph 23 of the Third-Party Complaint, except admits that on August 7, 2018, Edvin pled guilty in the District Court of Puerto Rico.

24. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Third-Party Complaint.

25. Admit the allegations contained in paragraph 25 of the Third-Party Complaint.

26. Denies the allegations contained in paragraph 26 of the Third-Party Complaint.

27. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Third-Party Complaint.

28. Denies the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Denies the allegations contained in paragraph 29 of the Third-Party Complaint.

30. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Third-Party Complaint

**FIRST CAUSE OF ACTION**

31. Repeats and realleges its responses to the Third-party Complaint as set forth in this Answer.

32. Paragraph 32 of the Third-Party Complaint contains improper legal conclusions for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph 32 as stated.

33. Paragraph 33 of the Third-Party Complaint contains improper legal conclusions for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph 33 as stated.

34. Paragraph 34 of the Third-Party Complaint contains improper legal conclusions for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph 34 as stated.

35. Paragraph 35 of the Third-Party Complaint contains improper legal conclusions for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph 35 as stated.

36. Paragraph 36 of the Third-Party Complaint contains improper legal conclusions for which no response is required. To the extent a response is required, deny the allegations set forth in paragraph 36 as stated.

## SECOND CAUSE OF ACTION

37. Repeats and realleges its responses to the Third-Party Complaint as set forth in this Answer.

38. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Denies the allegations set forth in paragraph 39 of the Third-Party Complaint.

40. Denies the allegations set forth in paragraph 40 of the Third-Party Complaint.

41. Denies the allegations set forth in paragraph 41 of the Third-Party Complaint.

42. Denies the allegations set forth in paragraph 42 of the Third-Party Complaint.

## THIRD CAUSE OF ACTION

43. Repeats and realleges its responses to the Third-Party Complaint as set forth in this Answer.

44. Denies the allegations set forth in paragraph 44 of the Third-Party Complaint.

45. Denies the allegations set forth in paragraph 45 of the Third-Party Complaint.

46. Denies the allegations set forth in paragraph 46 of the Third-Party Complaint.

47. Denies the allegations set forth in paragraph 47 of the Third-Party Complaint.

48. Denies the allegations set forth in paragraph 48 of the Third-Party Complaint

## DEFENSES

### FIRST DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

Third-Party Plaintiff's claims are barred, in whole or in part, by documentary evidence.

**THIRD DEFENSE**

Third-Party Plaintiffs' claims are barred, in whole or in part, by plaintiff's material breach of contract.

**FOURTH DEFENSE**

Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

**FIFTH DEFENSE**

Third-Party Plaintiff's damages, if any, were the result of its own conduct or that of other parties named or not named in the Third-Party Complaint.

**SIXTH DEFENSE**

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrines of modification and ratification.

**SEVENTH DEFENSE**

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification and / or estoppel.

**EIGHTH DEFENSE**

Third-Party Plaintiff's claims are barred, in whole or in part, by improper notice of defect.

**NINTH DEFENSE**

Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of impossibility of performance.

### TENTH DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, failure to join a necessary party.

### ELEVENTH DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by fraud and/or illegality.

### TWELFTH DEFENSE

Third-Party Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### THIRTEENTH DEFENSE

Third-Party Plaintiff's claims and damages are barred, in whole or in part, by failure to mitigate damages.

### FOURTEENTH DEFENSE

Third-Party Plaintiff has failed to plead its claims with the requisite specificity as required under Federal Rule of Civil Procedure 9(b).

### RESERVATION OF ADDITIONAL DEFENSES

Third-Party Defendant expressly reserves the right to assert and rely upon any and all additional defenses that may be relevant or become relevant during the course of this action.

### **PRAYER**

**WHEREFORE,** Defendant prays as follows:

1. For dismissal of the Third-Party Complaint with prejudice;
2. For a judgment in favor of Third-Party Defendant and against Third-Party Plaintiff;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York        CANALES PLLC
        January 17, 2020

By: /s/ Jason Canales
    Jason Canales
7 Penn Plaza, Suite 914
New York, New York 10001
Telephone: (212) 988-2039
Email: jason@canalespllc.com
*Attorneys for Edvin Ovasapyan*