Jason Canales
CANALES PLLC
7 Penn Plaza, Suite 914
New York, New York 10001
Telephone:  (212) 988-2039
Email: jason@canalespllc.com
*Attorneys for Edvin Ovasapyan, ESJ Group, LLC
and JPO22 LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC AND JPMORGAN CHASE BANK, N.A., <br><br> *Plaintiffs*, <br><br> -against- <br><br> MAINSPRING DISTRIBUTION LLC AND RIA PHILIP, EDVIN OVASAPYAN, JPO22 LLC and ESJ GROUP LLC <br><br> *Defendants*. | Civil Action No. 1:19-cv-02087 <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS EDVIN OVASAPYAN, JPO22 LLC AND ESJ GROUP, LLC TO AMENDED COMPLAINT** <br><br> **Jury Trial Demanded** |
| RIA PHILIP, <br><br> *Third-Party Plaintiff*, <br><br> -against- <br><br> EDVIN OVASAPYAN AND VAHE OVASAPYAN, <br><br> *Third-Party Defendants*. | |

Defendants, Edvin Ovasapyan ("Ovasapyan"), JPO22 LLC ("JPO") and ESJ Group LLC ("ESJ") (Ovasapyan, JPO and ESJ, collectively referred to herein as "**Defendants**",) by and through their attorneys, Canales PLLC, hereby answer the Amended Complaint (Doc. No. 40) of Plaintiffs Paymentech, LLC and JPMorgan Chase Bank, N.A. (collectively "**Plaintiffs**") as follows:

## THE PARTIES

1.      Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Complaint, except admit that Mainspring is a limited liability company organized under Pennsylvania law.

4.      Admit that Edvin Ovasapyan was a resident of California but deny the remaining allegations contained in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint, except admit that Ria Philip was an officer of Mainspring but lack knowledge or information sufficient to form a belief about Ms. Philip's last known address.

6.      Admit the allegations contained in paragraph 6 of the Complaint.

7.      Admit the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Deny the allegations as set forth in paragraph 8 of the Complaint.

9.      Deny the allegations as set forth in paragraph 9 of the Complaint.

## THE MAINSPRING BUSINESS

10.      Deny the allegations in paragraph 10 of the Complaint, except admit that Defendant Mainspring was a wholesale distributor of certain drugs.

11.      Deny the allegations in paragraph 11 of the Complaint, except admit that Defendant Mainspring received orders for certain pharmaceutical products.

12.      Deny the allegations as set forth in paragraph 12 of the Complaint.

2

13.     Admit that Ovasapyan pleaded guilty in in the U.S. District Court for the District of Puerto Rico, Criminal No. 18-485 (FAB), to a charge of introduction into interstate commerce of misbranded drugs with intent to mislead the U.S. Food and Drug Administration, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and deny the remaining allegations contained in paragraph 13 as stated.

14.     Admit the allegations as set forth in paragraph 14 and respectfully refer the Court to the Superseding Indictment.

15.     Deny the allegations as set forth in paragraph 15 as stated and respectfully refer the Court to the Superseding Indictment.

## THE MAINSPRING/CHASE PAYMENTECH MERCHANT AGREEMENT

16.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

19.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

20.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

21.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

22.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

23.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

24.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

## THE CONSUMER CHARGEBACKS

25.     Deny the allegations contained in paragraph 25 of the Complaint as stated.

26.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Admit the allegations contained in paragraph 27 of the Complaint, respectfully refer the Court to the Indictment and further state that the pending criminal matter is subject to an Order to Seal signed by Magistrate Judge Thomas S. Hixson on November 1, 2018.

28.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint.

4

30.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

36.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint, state that paragraph 38 contains improper legal conclusions, and respectfully refer the Court to any purported Merchant Agreement for its terms and conditions.

**OVASAPYAN USES MAINSPRING AS HIS PERSONAL BANK ACCOUNT**

39.     Ovasapyan denies the allegations as stated in paragraph 39 of the Complaint.  JPO and ESJ lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 39.

40.     Paragraph 40 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 40 as stated.

41.     Paragraph 41 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 41 as stated.

42.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 43 as stated.

44.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 47 as stated.

## COUNT I - BREACH OF CONTRACT
### (Against Mainspring)

48.    Repeats and realleges its responses to the Complaint as set forth in this Answer.

49.    Defendants provide no response to the allegations contained in paragraph 49 of the Complaint as they are directed solely toward Defendant Mainspring.

50.    Defendants provide no response to the allegations contained in paragraph 50 of the Complaint as they are directed solely toward Defendant Mainspring.

51.    Defendants provide no response to the allegations contained in paragraph 51 of the Complaint as they are directed solely toward Defendant Mainspring.

52.    Defendants provide no response to the allegations contained in paragraph 52 of the Complaint as they are directed solely toward Defendant Mainspring.

## COUNT II - SUIT ON A GUARANTY
### (Against Ria Philip)

53.    Repeats and realleges its responses to the Complaint as set forth in this Answer.

54.    Defendants provide no response to the allegations contained in paragraph 54 of the Complaint as they are directed solely toward Defendant Ria Philip.

55.    Defendants provide no response to the allegations contained in paragraph 55 of the Complaint as they are directed solely toward Defendant Ria Philip.

56.    Defendants provide no response to the allegations contained in paragraph 56 of the Complaint as they are directed solely toward Defendant Ria Philip.

## COUNT III - UNJUST ENRICHMENT

### (Against Mainspring)

57.    Repeats and realleges its responses to the Complaint as set forth in this Answer.

58.    Defendants provide no response to the allegations contained in paragraph 58 of the Complaint as they are directed solely toward Defendant Mainspring.

59.    Defendants provide no response to the allegations contained in paragraph 59 of the Complaint as they are directed solely toward Defendant Mainspring.

60.    Defendants provide no response to the allegations contained in paragraph 60 of the Complaint as they are directed solely toward Defendant Mainspring.

61.    Defendants provide no response to the allegations contained in paragraph 61 of the Complaint as they are directed solely toward Defendant Mainspring.

## COUNT IV – PIERCING THE CORPORATE VEIL / ALTER EGO

### (Against Mainspring, Ovasapyan, JPO22 and ESJ Group)

62.    Repeats and realleges its responses to the Complaint as set forth in this Answer.

63.    Paragraph 63 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 63 as stated.

64.    Paragraph 64 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 64 as stated.

65.    Paragraph 65 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 65 as stated.

66.     Paragraph 66 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 66 as stated.

67.     Paragraph 67 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 67 as stated.

68.     Paragraph 68 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 68 as stated.

69.     Paragraph 69 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 69 as stated.

70.     Paragraph 70 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 70 as stated.

71.     Paragraph 71 of the Complaint contains improper legal conclusions and conclusory statements for which  no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 71 as stated.

### COUNT V – Fraudulent Transfer

**(Against Mainspring, Ovasapyan, JPO22 and ESJ Group)**

72.     Repeats and realleges its responses to the Complaint as set forth in this Answer.

73.     Paragraph 73 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 73 as stated.

74.     Paragraph 74 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 74 as stated.

75.     Paragraph 75 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 75 as stated.  Defendants further note that "section 270" of the DCL does not provide for a cause of action but contains the definitions for the subsequent sections under which claims may be brought.

76.     Paragraph 76 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 76 as stated.

77.     Paragraph 77 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 77 as stated.

78.     Paragraph 78 of the Complaint contains improper legal conclusions and conclusory statements for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph 78 as stated.

79.     Paragraph 79 of the Complaint contains improper legal conclusions for which no response is required.  To the extent a response is required, lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiff's material breach of contract.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were the result of conduct by Plaintiffs or that of other parties named or not named in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of modification and ratification.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, ratification and/or estoppel.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by improper notice of defect.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility of performance.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, failure to join a necessary party.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by fraud and/or illegality.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

## THIRTEENTH DEFENSE

Plaintiffs' claims and damages are barred, in whole or in part, by failure to mitigate damages.

## FOURTEENTH DEFENSE

Plaintiffs' fail to plead their claims with the requisite specificity as required under Federal Rule of Civil Procedure 9(b).

## RESERVATION OF ADDITIONAL DEFENSES

Defendants expressly reserve the right to assert and rely upon any and all additional defenses that may be relevant or become relevant during the course of this action.

## PRAYER

**WHEREFORE,** Defendants Ovasapyan, JPO and ESJ prays as follows:

1. For dismissal of Plaintiffs' Complaint with prejudice;

2. For a judgment in favor of Defendant and against Plaintiffs;

3. For costs of suit incurred herein; and

4.  For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 17, 2020

CANALES PLLC

By: /s/ Jason Canales
      Jason Canales
7 Penn Plaza, Suite 914
New York, New York 10001
Telephone:  (212) 988-2039
Email:  jason@canialespllc.com
*Attorneys for Edvin Ovasapyan, ESJ Group, LLC and JPO22 LLC*