Andrew A. Smith (AS8630)
KENNEDY BERG LLP
401 Broadway, Suite 1900
New York, New York 10013
Telephone:  (212) 899-3400
Facsimile:  (212) 899-3401
*Attorneys for Mainspring Distribution LLC and Vahe Ovasapyan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAYMENTECH, LLC AND JPMORGAN CHASE BANK, N.A.,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MAINSPRING DISTRIBUTION LLC AND RIA PHILIP, JPO22 LLC and ESJ GROUP LLC,<br><br>*Defendants*. | Civil Action No. 1:19-cv-02087<br><br>**MAINSPRING DISTRIBUTION LLC's ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |
| RIA PHILIP,<br><br>*Third-Party Plaintiff*,<br><br>-against-<br><br>EDVIN OVASAPYAN AND VAHE OVASAPYAN,<br><br>*Third-Party Defendants*. | |

Defendant, Mainspring Distribution LLC ("**Defendant**"), by and through its attorneys Kennedy Berg LLP, hereby answer the Complaint of Plaintiffs Paymentech, LLC and JPMorgan Chase Bank, N.A. (collectively "**Plaintiffs**") as follows:

## THE PARTIES

1. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that Defendant is a limited liability company organized under Pennsylvania law and that Vahe Ovasapyan is a resident of Pennsylvania.

4. Denies the allegations in paragraph 4 of the Complaint, except admits that Edvin Ovasapyan.

5. Denies the allegations in paragraph 5 of the Complaint, except admits that Ria Phillips was an officer of Defendant but lacks knowledge or information sufficient to form a belief about Ms. Philip's last known address.

6. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint.

7. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Denies the allegations as set forth in paragraph 8 of the Complaint.

9. Denies the allegations as set forth in paragraph 9 of the Complaint.

## THE MAINSPRING BUSINESS

10. Denies the allegations in paragraph 10 of the Complaint, except admits that Defendant was a wholesale distributor.

11. Denies the allegations in paragraph 11 of the Complaint, except admits that Defendant received orders for products.

12. Denies the allegations as set forth in paragraph 12 of the Complaint.

13. Denies the allegations as set forth in paragraph 13 of the Complaint, but admits that Edvin Ovasapyan pleaded guilty in in the U.S. District Court for the District of Puerto Rico, Criminal No. 18-485 (FAB), to a charge of introduction into interstate commerce of misbranded drugs with intent to mislead the U.S. Food and Drug Administration, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

14. Admits the allegations as set forth in paragraph 14.

15. Denies the allegations as set forth in paragraph 15.

**THE MAINSPRING/CHASE PAYMENTECH MERCHANT AGREEMENT**

16. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

19. Denies the allegations contained in paragraph 19 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract speaks fora complete statement of its terms.

20. Denies the allegations contained in paragraph 20 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

21. Denies the allegations contained in paragraph 21 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

22. Denies the allegations contained in paragraph 22 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract for a complete statement of its terms.

23. Denies the allegations contained in paragraph 23 of the Complaint; if and to the extent the alleged Merchant Agreement is deemed a viable agreement, refers the Court to the written contract speaks for a complete statement of its terms.

24. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint.

## THE CONSUMER CHARGEBACKS

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint and further states that the pending criminal matter involving Edvin Ovsapyan and Hakob Kojoyan, *U.S. v. Ovasapyan et al.*, 3:18-cr-00533, is subject to an Order to Seal signed by Magistrate Judge Thomas S. Hixson on November 1, 2018.

28. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint and states that paragraph 30 contains improper legal conclusions.

36. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint and lacks knowledge sufficient to form a belief about the allegations relating to the Scripts Chargebacks.

38. Denies the allegations contained in paragraph 38 of the Complaint and states that paragraph 38 contains improper legal conclusions.

### OVASAPYAN USES MAINSPRING AS HIS PERSONAL BANK ACCOUNT

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations as set forth in paragraph 40 to the extent they relate to Mainspring conduct, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations as set forth in paragraph 41 to the extent they relate to Mainspring conduct, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations as set forth in paragraph 42 of the Complaint.

43. Denies the allegations as set forth in paragraph 43 of the Complaint and notes that paragraph 43 contains a series of conclusory statements and improper legal conclusions.

44. Denies the allegations as set forth in paragraph 44.

45. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint.

46. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations as set forth in paragraph 47.

## COUNT I - BREACH OF CONTRACT
### (Against Mainspring)

48. Repeats and realleges its responses to the Complaint as set forth in this Answer.

49. Denies the allegations contained in paragraph 49 of the Complaint and states that paragraph 49 contains improper legal conclusions.

50. Denies the allegations contained in paragraph 50 of the Complaint and states that paragraph 50 contains improper legal conclusions.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the Complaint.

## COUNT II - SUIT ON A GUARANTY
### (Against Ria Philip)

53. Repeats and realleges its responses to the Complaint as set forth in this Answer.

54. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 42 of the Complaint

56. Denies the allegations contained in paragraph 56 of the Complaint and states that paragraph 56 contains improper legal conclusions.

## COUNT III - UNJUST ENRICHMENT

### (Against Mainspring)

57. Repeats and realleges its responses to the Complaint as set forth in this Answer.

58. Denies the allegations contained in paragraph 58 of the Complaint and states that paragraph 58 contains improper legal conclusions.

59. Denies the allegations contained in paragraph 59 of the Complaint and states that paragraph 59 contains improper legal conclusions.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint and states that paragraph 61 contains improper legal conclusions.

## COUNT IV – PIERCING THE CORPORATE VEIL / ALTER EGO

### (Against Mainspring, Ovasapyan, JPO22 and ESJ Group)

62. Repeats and realleges its responses to the Complaint as set forth in this Answer.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denis the allegations contained in paragraph 71 of the Complaint.

## COUNT V – Fraudulent Transfer

### (Against Mainspring, Ovasapyan, JPO22 and ESJ Group)

72. Repeats and realleges its responses to the Complaint as set forth in this Answer.

73. Denies the allegations contained in paragraph 73 and states that the allegations are entirely conclusory and include improper legal conclusions.

74. Denies the allegations contained in paragraph 74 and states that the allegations are entirely conclusory and include improper legal conclusions.

75. Denies the allegations contained in paragraph 75 and states that the allegations are entirely conclusory and include improper legal conclusions.  Defendant further notes that "section 270" of the DCL does not provide for a cause of action but contains the definitions for the subsequent sections under which claims may be brought.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 and states that the allegations are entirely conclusory and include improper legal conclusions.

79. Denies the allegations contained in paragraph 79 of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by plaintiff's material breach of contract.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were the result of conduct by Plaintiffs or that of other parties named or not named in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of modification and ratification.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, ratification and / or estoppel.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by improper notice of defect.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility of performance.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, failure to join a necessary party.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by fraud and/or illegality.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

## THIRTEENTH DEFENSE

Plaintiffs' claims and damages are barred, in whole or in part, by failure to mitigate damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole in part, by failure to plead with requisite particularity as required under Federal Rule of Civil Procedure 9(b).

## RESERVATION OF ADDITIONAL DEFENSES

Defendant expressly reserves the right to assert and rely upon any and all additional defenses that may be relevant or become relevant during the course of this action.

Dated: New York, New York
January 17, 2020

KENNEDY BERG LLP

By: /s/ Andrew A. Smith
Andrew A. Smith (AS8630)
401 Broadway, Suite 1900
New York, New York 10013
Telephone: (212) 899-3425
Facsimile: (212) 899-3401
Email: asmith@kennedyberg.com

*Attorneys for Mainspring Distribution LLC*

**CERTIFICATION OF SERVICE**

I, Andrew A. Smith, do hereby certify that on this 11th day of December 2019, I caused this DEFENDANT MAINSPRING DISTRIBUTION LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT to be filed with the Clerk of the United States District Court for the Eastern District of New York via the Court's electronic filing system and thereby caused a copy of same to be served by e-mail upon all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

I am aware that if any statement herein is willfully false, I am subject to punishment. December 11, 2019.

      /s/ Andrew A. Smith
      Andrew A. Smith